## BATEN v. MERCER.

### No. 3818.

Court of Civil Appeals of Texas. Beaumont.
March 13, 1941.

Rehearing Denied March 26, 1941.

Gordon D. Baten, of Beaumont, for appellant.

C. A. Miles, Jr., of Liberty, for appellee.

WALKER, Chief Justice.

On the 6th day of October, 1938, Mrs. Clara G. Baten, administratrix of the estate of Thomas J. Baten, deceased, hereinafter referred to in her representative capacity as appellant, duly "allowed" the following claim filed with her by appellee, W. R. Mercer, against the Baten estate: "Now comes W. R. Mercer and presents his claim against the Estate of Thomas J. Baten, deceased, and says that such Estate is legally due him the sum of $2000.00, with interest thereon from March 11th, 1938, at the rate of 7% interest. That said indebtedness was evidenced by one Deed of Trust note for $2000.00, executed by the deceased, Thomas J. Baten, together with a Deed of Trust Lien executed and delivered to W. R. Mercer, on the 11th day of March, 1936, which said Deed of Trust is duly recorded in Vol. 38, page 555, Deed of Trust Records of Liberty County, Texas."

This claim, as filed by appellee and allowed by appellant, was duly approved by the county judge of Jefferson county as a third class claim.

On the 20th day of March, 1940, appellant, under authority of the County Court of Jefferson County (Articles 3554–3556, Vernon's Texas Civil Statutes), executed and conveyed to the Gulf Oil Corporation, on a cash consideration of $12,970, a mineral lease on the land belonging to the Baten estate against which appellee held his deed of trust lien, securing the payment of his promissory note, all as set out in his claim filed with and allowed by appellant, and approved by the county judge. On June 10, 1940, appellee filed his petition in the County Court of Jefferson county, praying that appellant be ordered to pay "immediately" the amount of his claim from the proceeds of the sale of the lease. In County Court, judgment was entered granting appellee the relief prayed for, and on appellant's appeal to the district court, on trial to the court without a jury, he was again granted the relief prayed for. Appellant has duly perfected her appeal to this court.

The sale of the lease was not made "for the satisfaction" of appellee's deed of trust lien. The order of the court directing the sale of the lease is not in the record, and there is nothing in the statement of facts suggesting that appellant sold the lease free and clear of appellee's claim. There is no recitation in the court's judgment, nor in the conclusions of fact and law, that the sale of the lease was

made free and clear of appellee's claim, nor did the court find facts in any way limiting or impairing appellee's claim against the land, as it existed at the time he filed his claim with appellant. At the time appellee filed his petition herein, all first class claims against the Baten estate had been paid. There was in appellant's hands proceeds from the sale of the lease, sufficient to pay all second class claims against the estate and also appellee's claim in full. However, appellant did not have in her hands sufficient money to pay all the third class claims against the estate. For appellee to have a claim against the proceeds of the sale of the property, such sale must have been made "for the satisfaction" of appellee's claim, within the provisions of Article 3536, Vernon's Tex. Civ.St., and free of appellee's claim. Since the sale of the lease by appellant to Gulf Oil Corporation was not made "for the satisfaction" of appellee's claim, nor free and clear of appellee's lien against the land, but, on the record before us, subject to appellee's lien, it necessarily follows that the sale of the lease in no way impaired appellee's security. So, it necessarily follows that appellee, on the record before us, had no claim against the fund received by appellant from the sale of the lease.

 The value of the land covered by appellee's lien, in excess of his claim, belonged to the general fund of the estate. Appellee has cited us to no statute denying appellant the right to sell the lease, subject to appellee's lien; Nutt v. Anderson, Tex. Civ.App., 87 S.W.2d 760, as we construe it, gave appellant that right.

 The judgment of the lower court must be reversed. Since we cannot say, on the record before us, that appellee fully developed his case on the issues discussed, the cause is remanded to the district for a new trial. Gulf, C. & S. F. Ry. Co. v. Blannie Snow, Tex.Civ.App., 146 S.W. 2d 1040, and authorities therein cited.

Reversed and remanded.

### On Rehearing.

The following proposition advanced by appellee on rehearing is not a correct construction of our opinion: "If the lien of a secured creditor can be defeated by the Administrator of an estate and the Probate Court by a sale of the mortgaged property, as was done in this case, * * *."

Our holding in the original opinion on this point is "that the sale of the lease in no way impaired appellee's security." Appellee correctly asserts: "There are no Probate Statutes giving the Probate Court or an Administrator authority to defeat duly filed secured claims by selling the security 'free and clear of all liens', or 'subject to all liens and encumbrances'." The answer to this contention is the simple fact that the sale made by the administratrix of the lease on the property in issue did not defeat appellee's secured claim; his security is at this time unimpaired by any of the proceedings reflected by this appeal.

The motion for rehearing is overruled, as is also the motion for oral argument.